IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID G. CARLILE,<br><br>      Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY and RELIANCE STANDARD LIFE INSURANCE POLICY NUMBER LTD 123420,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER AWARDING APPELLATE ATTORNEYS' FEES**<br><br>Case No. 2:17-cv-01049-RJS<br><br>Chief Judge Robert J. Shelby |

Following this court's entry of judgment in favor of Plaintiff David G. Carlile,[1] Defendants Reliance Standard Life Insurance Company and Reliance Standard Life Insurance Policy Number Ltd 123420 (collectively, "Reliance") appealed to the Tenth Circuit.[2] The Tenth Circuit affirmed the judgment[3] and granted Carlile's Motion for Appellate Attorneys' Fees.[4] The matter was remanded to this court to determine the amount of appellate attorneys' fees.[5] Before the court is Carlile's Motion Regarding the Amount of Fees on Appeal.[6] The Motion is fully briefed, and for the reasons explained below, the Motion is GRANTED IN PART and DENIED IN PART.

---

[1] Dkt. 47.

[2] Dkt. 58, *Notice of Appeal*.

[3] Dkt. 78, *Mandate of the US Court of Appeals*.

[4] *See* Dkt. 80, *Docket Text Order Granting Attorneys' Fees and Remanding*.

[5] *Id.*

[6] Dkt. 81.

1

## BACKGROUND

Carlile seeks $54,960.00 in appellate attorneys' fees.[7] Additionally, Carlile requests $296.00[8] in legal research costs and $115.57[9] in other costs. The Tenth Circuit previously granted Carlile $185.71 in appellate costs and denied all other costs requested.[10]

Reliance objects that the amount of attorneys' fees requested improperly includes time related to proceedings before the district court and mediation ordered by the Tenth Circuit.[11] Additionally, Reliance argues the remaining hours—specifically the time included for appellate counsel learning about the case, preparing the appellate briefing, and preparing oral argument— are unreasonable.[12] In total, Reliance requests a reduction in attorneys' fees to an award amount of $30,776.83.[13] Reliance also argues Carlile's request for costs should be denied in whole because the Tenth Circuit's Attorneys' Fee Order did not provide for a calculation of costs on remand[14] and the Tenth Circuit already made an award of Plaintiff's appellate costs.[15]

## LEGAL STANDARD

To determine the amount of fees to award, courts employ the lodestar method wherein the fees awarded equal "the number of hours reasonably expended on the litigation multiplied by

---

[7] Dkt. 90, *Reply in Support of Motion re: Amount of Fees on Appeal* at 1.

[8] Dkt. 81 at 4; Dkt. 90 at 5.

[9] Dkt. 82, *Declaration of Alexander Dushku* at 5.

[10] Dkt. 79, *Order and Supplemental Mandate of US Court of Appeals* at 2.

[11] Dkt. 87, *Defendants' Opposition to Plaintiff's Motion re: Amount of Fees on Appeal* at 2–4.

[12] *Id.* at 3–5.

[13] *Id.* at 6.

[14] Dkt. 87-3, *US Court of Appeals Order on Appellee's Motion for Attorneys' Fees* at 1–2.

[15] Dkt. 87 at 5; *see also* Dkt. 79 at 1–2.

a reasonable hourly rate."[16] The lodestar calculation provides a useful starting point and may generally be presumed to represent a reasonable fee award.[17]

A party seeking an award of attorneys' fees should submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[18] "Where the documentation of hours is inadequate, the [] court may reduce the award accordingly."[19] The court is also instructed to exclude hours that were not "reasonably expended," for example "hours that are excessive, redundant, or otherwise unnecessary."[20] From that point, a court may adjust the fee award up or down based on the degree of success obtained by the prevailing party.[21]

A reasonable hourly rate is based on the "prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[22] Here, Reliance does not contest the reasonableness of Carlile's counsel's hourly rate and only disputes the reasonableness of the number of hours expended.[23]

---

[16] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[17] *Id.*

[18] *Case v. Unified Sch. Dist. No. 233, Johnson Cnty. Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998); *see also Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.").

[19] *Hensley*, 461 U.S. at 433.

[20] *Id.* at 434.

[21] *Id.* at 434–36.

[22] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Case*, 157 F.3d at 1256.

[23] *See* Dkt. 87.

## ANALYSIS

### I. Amount of Attorneys' Fees

First, Reliance argues for the exclusion of 36.9 hours of attorneys' work either because it was related to proceedings before the district court or because the entries were too cryptic or heavily redacted for Reliance to ascertain the underlying activity or task.[24] Of the entries Reliance objects to on these grounds, 22.6 hours were already excluded from Carlile's fee request.[25] Upon review of Carlile's counsel's invoices and summary time report, the court will exclude an additional 3.5 hours, equating to $1,092.00, which contextually appear to be related to proceedings before the district court.

The remaining time entries to which Reliance objects appear to relate to proceedings before the Tenth Circuit and will not be excluded. Carlile has exercised proper billing judgment and has winnowed down his request to exclude "hours that are excessive, redundant, or otherwise unnecessary."[26] Comparing Carlile's counsel's invoices[27] with the time report[28] reveals counsel made a good-faith effort to reduce the fees requested to those incurred as part of the appeal process. The fees requested are significantly reduced from those billed by counsel.[29]

Second, Reliance objects to the inclusion of 8.9 hours in entries related to mediation

---

[24] *Id.* at 2–3.

[25] *See* Dkt. 90-1, *Time Report* at 1–4.

[26] *Hensley*, 461 U.S. at 434.

[27] Dkt. 82 at 8–47.

[28] Dkt. 90-1.

[29] *Compare* Dkt. 82 at 8–47 (sum of fees from September 2019 to January 2021 equaling $62,494.50) *with* Dkt. 90-1 at 10 (sum of fees from September 2019 to February 2021 equaling $57,060.00) *and* Dkt. 90 at 1 (requesting $54,960.00).

proceedings ordered by the Tenth Circuit.[30] Carlile responds that mediation was ordered and scheduled by the Tenth Circuit and, while ultimately unsuccessful, Carlile should not be penalized for his good-faith effort to participate in mediation and comply with Reliance's document requests.[31]

    The court agrees with Carlile. But for Reliance's appeal, Carlile would not have been compelled to participate in the related mediation. While not part of the briefing and oral argument proceedings before the Tenth Circuit, the mediation arose in relation to the appeal. The time spent preparing for and attending it, and the related investigation and exchange of documents, would not have been incurred absent the appeal. Additionally, of the time Reliance objects to as related to mediation, 0.6 hours were already excluded from Carlile's fee request.[32] The remaining time expended by Carlile's counsel is reasonable considering the extent of mediation proceedings and Reliance's ongoing document and records requests. Carlile should not be penalized for his good-faith effort to participate and cooperate in mediation.

    Third, Reliance objects to the amount of time appellate counsel spent "getting up to speed" on the case.[33] Carlile concedes Reliance's contention that some time should be excluded to account for appellate counsel learning about the case and stipulates to a reduction of $2,100.00 for time spent familiarizing new counsel with the case.[34] This equates to a subtraction of between 5 and 7.6 hours, depending on attorneys' rates. Carlile argues the remaining time

---

[30] Dkt. 87 at 4.

[31] Dkt. 90 at 4; *see also* Dkt. 81 at 2–3.

[32] *See* Dkt. 90-1 at 3.

[33] Dkt. 87 at 3.

[34] Dkt. 90 at 1, 3.

Reliance objects to relates to appellate strategy meetings, case analysis, and the preparation of appellate filings and oral argument.[35]

The court agrees with Carlile. In preparation for appeal, Carlile brought on additional counsel, Alexander Dushku and Justin W. Starr. Of the time Reliance objects to as unreasonable time spent learning the case, only 2.6 hours ostensibly relate to new counsel learning about the case.[36] The remaining objected-to entries relate to counsel's involvement in appellate strategy meetings and analysis of appellant's brief.[37] The court will not reduce the time requested beyond the $2,100.00 subtraction already stipulated to by counsel.

Lastly, Reliance objects to the amount of time counsel spent drafting and revising the appellee brief.[38] Reliance argues the appellee brief and oral argument were "overstaffed and overbilled" and seeks to reduce the 73.5 hours spent drafting and editing the brief by 25% to a total of 55.1 hours.[39] This would equate to reducing the total fee sought by $5,708.50. Carlile responds that the time spent was reasonable, considering the arguments and rationale presented by Reliance on appeal, and the appeal was not "overstaffed."[40] Rather, the brief was prepared as a "collaborative effort," and the time spent and the number of attorneys involved was proportionate to the value of benefits denied to Carlile.[41]

---

[35] *Id.* at 3–4.

[36] Dkt. 90-1 at 1.

[37] *See id.* at 1, 5–6.

[38] Dkt. 87 at 4–5.

[39] *Id.* Reliance requests a 25% reduction to 54.9 hours, but the court notes that a 25% reduction of 73.5 hours equals 55.1, not 54.9.

[40] Dkt. 90 at 4–5.

[41] *Id.* at 5.

Again, the court agrees with Carlile. Reliance has not shown the time expended by counsel drafting and revising the appellee's brief was unreasonable. Nor has Reliance provided justification for the seemingly arbitrary 25% reduction of counsel's time.[42] While the record below was static, the approach and analysis put forth by the parties was not. Carlile's counsel was justified in expending the time reported to carefully research Reliance's arguments and marshal a response. The parties faced de novo review by the Tenth Circuit, not just of this court's decision but of the plan administrator's decision to deny benefits.[43] After four years of litigation, and more than five years since Carlile was initially denied benefits, the investment of counsel's time to preserve Carlile's judgment on appeal was justified.

At bottom, the court finds that Carlile's request for appellate attorneys' fees is supported by detailed, contemporaneous time entries and counsel's time was reasonably expended participating in the appeal and related mediation.[44] Furthermore, Carlile's counsel has exercised sound billing judgment in limiting the fees requested and in stipulating to a reduction of the request in response to Reliance's objection.[45] After subtracting the stipulated-to adjustment of $2,100.00 for time spent familiarizing appellate counsel with the case, and the court's own adjustment for unrelated or cryptic entries equaling $1,092.00, the court will award Plaintiff $53,868.00 in appellate attorneys' fees.

---

[42] *See* Dkt. 87 at 4–5.

[43] *See* Dkt. 78 at 6–7.

[44] *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).

[45] *See* Dkt. 90 at 1–4.

## II. Legal Research Costs

Carlile seeks an award of $296.00 for computer-based legal research costs.[46] Reliance objects that "research" is not reimbursable as a taxable cost.[47] In response, Carlile acknowledges computer research is "not a separately taxable cost" but rather is "a substitute for an attorney's time that is compensable under an application for attorneys' fees."[48]

The court agrees with Carlile. Computer research costs are not taxable costs authorized under 28 U.S.C. § 1920 or Federal Rule of Appellate Procedure 39(e).[49] Rather, "[c]ourts have repeatedly clarified that computer research is not a separately taxable cost but 'a substitute for an attorney's time that is compensable under an application for attorneys' fees.'"[50] Following this categorization, Carlile did not present his computer research costs to the Tenth Circuit in his Bill of Costs.[51] Rather, Carlile first presented his computer research costs as part of his Motion Regarding the Amount of Fees on Appeal, before this court.[52]

Seeing no indication that the amount sought is manifestly unreasonable and adhering to the Tenth Circuit's categorization of research costs as "compensable under an application for attorneys' fees," the court grants Carlile's request for award of $296.00 for computer research

---

[46] Dkt. 81 at 4.

[47] Dkt. 87 at 5 n.15.

[48] Dkt. 90 at 5 (quoting *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1180 n.10 (10th Cir. 2005) (internal citations and quotations omitted)).

[49] 28. U.S.C. § 1920 (enumerating taxable costs); Fed. R. App. P. 39(e) (enumerating costs taxable on appeal); *see also Sorbo*, 432 F.3d at 1180 (citing *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995) (specifically noting "costs for computer legal research are not statutorily authorized")).

[50] *Sorbo*, 432 F.3d at 1180 n.10 (quoting *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.,* 95 F.3d 153, 173 (2d Cir. 1996)).

[51] Dkt. 87-2, *Bill of Costs*.

[52] Dkt. 81.

costs associated with the appeal.

### III. Appellate Costs

Carlile also seeks an award of appellate costs in the amount of $301.28. This amount includes $185.71 in costs already awarded by the Tenth Circuit plus an additional $56.80 for copies requested by Reliance and $58.77 for transmitting documents to the Tenth Circuit.[53] Reliance objects to any award of appellate costs outside the $185.71 already awarded by the Tenth Circuit.[54] Reliance's objection is twofold. First, the Tenth Circuit Attorney Fee Order did not provide for this court to calculate appellate costs on remand.[55] Second, the Tenth Circuit already reviewed Carlile's request for appellate costs and denied the award of the costs now being requested.[56]

The court agrees with Reliance on both points. The Bill of Costs Carlile submitted for consideration by the Tenth Circuit included the same line items now before this court: $58.77 for "Federal Express," now styled as for "transmitting documents to the Tenth Circuit," and $56.80 for "photocopies," now styled as "copies requested by Reliance."[57] Both these costs were considered and denied by the Tenth Circuit. The Circuit noted, "[c]opies of documents made for a party's counsel are not required by the court and are therefore not taxable. Further, the expenses of delivering copies of required documents to the court or otherwise are not taxable."[58]

---

[53] Dkt. 82 at 5.

[54] Dkt. 87 at 5.

[55] *Id.*; *see also* Dkt. 87-3 at 1–2.

[56] Dkt. 79 at 1–2; *see also* Dkt 87-2 at 2.

[57] Dkt 87-2 at 2; Dkt. 82 at 5.

[58] Dkt. 79 at 1.

9

The Tenth Circuit already considered Carlile's appellate costs, and specifically denied the costs now being requested while awarding appellate costs in the amount of $185.71.[59] This court will not revisit the award of appellate costs.[60] Carlile's Motion is denied to the extent it requests an award of additional appellate costs.

## CONCLUSION

For the reasons stated, the court GRANTS Carlile's Motion IN PART. In total, Carlile is awarded $54,349.71 in appellate fees and costs.[61]

DATED this 28th day of January, 2022.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[59] *See id.* at 1–2.

[60] *See City of San Antonio, Tex. v. Hotels.com*, 141 S.Ct. 1628, 1636 (2021) (holding that "courts of appeals have the discretion to apportion all the appellate costs covered by Rule 39 and that district courts cannot alter that allocation").

[61] $54,349.71 = $53,868.00 (appellate attorneys' fees) + $296.00 (legal research costs) + $185.71 (appellate costs awarded by the Tenth Circuit).