IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID G. CARLILE,<br><br>  Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD INSURANCE COMPANY and RELIANCE STANDARD LIFE INSURANCE POLICY NUMBER LTD 123420,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER ON MOTION TO REOPEN CASE**<br><br>Case No. 2:17-cv-1049-RJS<br><br>Chief District Judge Robert J. Shelby |

Before the court is Plaintiff's Motion to Reopen Case.[1] For the reasons set for below, the Motion is DENIED.

### BACKGROUND AND PROCEDURAL HISTORY

This case arose out of Plaintiff's claim for long-term Employee Retirement Income Security Program (ERISA) long-term disability benefits submitted to Reliance Standard in 2016. Plaintiff worked for Lighthouse Resources, Inc. from November 2012 until June 2016. Lighthouse gave notice to Plaintiff on March 21, 2016, that Plaintiff's employment would be terminated in 90 days due to an economic downturn. After Lighthouse provided Plaintiff with his termination notice, Lighthouse paid Plaintiff his salary through his termination date as well as accrued time off. Plaintiff continued to work through the 90-day notice period.

In the termination notice, Lighthouse also informed Plaintiff he was eligible for a bonus payment for work he previously performed, and severance pay equal to one-half of Plaintiff's salary at that time. Plaintiff was diagnosed with prostate cancer at the end of May 2016, two

---

[1] Dkt. 93, *Motion to Reopen Case (Motion).*

1

months after receiving the termination notice and Plaintiff continued working for Lighthouse until June 7, 2016. Plaintiff received his bonus and severance payments on June 30, 2016.

After his diagnosis and termination, Plaintiff submitted a claim for short-term benefits to Reliance which Reliance granted. Plaintiff then submitted an Employee Retirement Income Security Program (ERISA) claim for long-term disability benefits to Reliance which Reliance denied. After disputing the denial through Reliance Standard's internal appeals process, Plaintiff filed a Complaint on September 20, 2017, alleging Reliance improperly denied Plaintiff's claim for long-term disability benefits.

Plaintiff filed a motion for summary judgment on October 15, 2018. Plaintiff sought in his motion a judgment that would "require[e] Reliance to provide the benefits required under the long term disability plan."[2] Reliance also filed a cross-motion for summary judgment, arguing Reliance properly denied benefits because "Plaintiff was not insured at the time of his claim."[3] Reliance also argued that if the court determined Plaintiff was insured, the court should remand the claim for Reliance to determine whether Plaintiff qualified as "Totally Disabled" and to "make an initial benefit decision."[4] The court subsequently granted Plaintiff's motion for summary judgment, concluding Plaintiff was eligible for long-term benefits.[5] The court also concluded remand was not necessary because Reliance admitted in a denial letter that Plaintiff "would have been deemed Totally Disabled" when Plaintiff stopped working.[6] The court did not rule on the amount of benefits owed.[7]

Reliance responded with a Rule 59 motion to alter or amend the court's summary

---

[2] Dkt. 33, *Plaintiff David G. Carlile's Motion for Summary Judgment*, at 1.
[3] Dkt. 35, *Defendant's Motion for Summary Judgment*.
[4] *Id.*, at 7.
[5] Dkt. 46, *Memorandum Decision and Order*, at 12.
[6] *Id.*, at 14.
[7] *Id.*

judgment decision and judgment order.[8]  In its Motion to Alter, Reliance argued the court's decision was contrary to case law and requested a reconsideration of the court's order.[9]  The court denied Reliance's Motion to Alter and clarified that "[t]he court's Order and Judgment reflects only the relief requested in [Plaintiff's] Motion for Summary Judgment": a determination that Plaintiff was eligible for benefits.[10]  The court further stated it "made no determination regarding what [Reliance] owe[d] under the terms of the Policy."[11]

Reliance appealed and the Tenth Circuit Court of Appeals affirmed the court's summary judgment order on February 22, 2021.[12]  The Tenth Circuit also concluded "remand [was] not necessary for Reliance to consider the duration of [Plaintiff's] ongoing disability or the exact amount of [Plaintiff's] award" because those issues were not before the district court and, therefore, not on appeal.[13]  Though there was subsequent litigation regarding attorney fees, this case closed with the Judgment in April 2019.[14]

After the Tenth Circuit affirmed the district court's summary judgment order, Reliance approved Plaintiff's claim for long-term disability benefits on January 28, 2022.[15]  Reliance determined Plaintiff's disability began on June 9, 2016, his benefits started ninety days later on September 7, 2016, and concluded on August 21, 2018.[16]  Reliance's calculation of benefits included Plaintiff's monthly salary and a monthly benefit equal to sixty percent of Plaintiff's salary.[17]  Reliance deducted from Plaintiff's payment an offset for social security, federal and

---

[8] Dkt. 50, *Defendant's Motion to Alter Judgment and Memorandum in Support (Motion to Alter Judgment)*.
[9] *Id.*, at 1–2.
[10] Dkt. 46, *Memorandum Decision and Order*.
[11] *Id.*, at 9.
[12] *See Carlile v. Reliance Standard Life Ins. Co.*, 988 F.3d 1217 (10th Cir. 2021).
[13] *Id.*, at 1230.
[14] Dkt. 47.
[15] Dkt. 93, Ex. A.
[16] *Id.*
[17] *Id.*

3

state taxes, and Plaintiff's severance pay.[18]

Plaintiff responded to Reliance on July 27, 2022, contesting Reliance's calculation of the length of the disability period and the benefits calculation.[19] Specifically, Plaintiff asserted Reliance erred by including an offset for Plaintiff's severance pay and failing to pay interest on the accrued benefits.[20] Reliance and Plaintiff exchanged two more rounds of letters regarding the calculation of benefits, but Reliance maintained its position on both the length of Plaintiff's disability and its calculation of benefits.[21]

Dissatisfied with Reliance's position, Plaintiff filed this Motion requesting the court reopen the case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to permit additional motions regarding the amount of Plaintiff's benefit.[22]

The Motion is fully briefed and ready for review.

## ANALYSIS

Plaintiff seeks to reopen this case under Rule 60(b) of the Federal Rules of Civil Procedure to dispute the duration and amount of benefits Reliance approved.[23] However, the Supreme Court has clarified that the exclusive remedy for alleged improper processing of a benefits claim is a civil enforcement action pursuant to 29 U.S.C. § 1132.[24]

Section 29 U.S.C. §1132(a)(1)(B) allows for a civil enforcement action to enable a plaintiff "to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan."[25] Indeed, the Supreme Court has stated the civil enforcement

---

[18] *Id.*
[19] Dkt. 93, Ex. B.
[20] *Id.*
[21] Dkt. 93, Ex. C, Ex. D, Ex. E.
[22] Dkt. 93.
[23] *Id.*
[24] *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).
[25] 20 USC §1132(a)(1)(B).

scheme is both "one of the essential tools for accomplishing the stated purposes of ERISA" and "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits."[26]  Plaintiff may dispute the amount of coverage, including interest, in an ERISA § 1132 civil enforcement action.  Because an ERISA § 1132 civil enforcement action is the only avenue to seek enforcement or adjust benefits, the court cannot grant Plaintiff's motion.

## CONCLUSION

For the reasons stated above, Defendants' Plaintiff's Motion[27] is DENIED.  Plaintiff may seek equitable relief by filing a civil enforcement action pursuant to 29 U.S.C. § 1132.

SO ORDERED this 4th day of September 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[26] *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. at 52; *see also Fotta v. Trustees of United Mine Workers of America, Health & Retirement Fund of 1974*, 165 F.3d 209, 211 (3rd Cir. 1998) (stating 29 U.S.C. § 1132 "is the means by which an ERISA plan beneficiary is authorized to sue to recover benefits under the plan"); *Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002 (10th Cir. 2008) (concluding prejudgment interest is available under section 29 U.S.C. § 1132 as "appropriate equitable relief"); *Sharp v. Wellmark, Inc.*, 744 F.Supp.2d 1191, 1197–99 (D. Kansas Oct. 12, 2010) (holding a beneficiary's claim for interest on insurer's prior payment of ERISA benefits should be brought as an ERISA enforcement action pursuant to 29 U.S.C. § 1132(a)(1)(B)).

[27] Dkt. 93.